IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS BLANCHARD,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. DESMOND NUTTER, in his official and individual capacities,<br><br>and<br><br>the CITY OF AUGUSTA, MAINE,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

This is a Civil Action brought by Nicholas Blanchard against Defendants Sgt. Desmond Nutter and the City of Augusta, Maine. Mr. Blanchard brings a claim under 42 U.S.C. § 1983 for Defendants' violation of Mr. Blanchard's First, Fourth, and Fourteenth Amendment rights, and he alleges as follows:

**THE PARTIES**

1. Plaintiff Nicholas Blanchard is an individual who resides in Augusta, Maine.

2. Defendant Sgt. Desmond Nutter is an individual who, at all relevant times, worked in Augusta, Maine, and is a resident of the State of Maine.

3. Defendant City of Augusta, Maine, is a municipal corporation pursuant to P.&S.L. 1957, Ch. 169, and is located in Augusta, Maine.

**JURISDICTION AND VENUE**

4. This is a civil action arising under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, thus this Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331, and it has supplemental jurisdiction over the state law

claims per 28 U.S.C. § 1367.

5.  This Court has personal jurisdiction over Defendant Nutter as he is a resident of Maine and over the City of Augusta as it is an entity organized in the State of Maine and is headquartered in Augusta, Maine. The Court otherwise has personal jurisdiction over Defendants pursuant to M.R.S. § 704-A(2)(A) based on their transaction of business within the State and causing the torts alleged herein and the consequences thereof to occur within this State.

6.  Venue resides in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) as the Parties reside in this District, and the events and omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL BACKGROUND

7.  Plaintiff, Nicholas Blanchard, is a political activist in the State of Maine.

8.  At all relevant times, the Augusta Police Department was a subsidiary of Defendant City of Augusta.

9.  At all relevant times, the Augusta Police Department was an organ of Defendant City of Augusta.

10.  At all relevant times, Defendant Sgt. Nutter was employed as a Sergeant with the Augusta Police Department.

11.  Defendant City of Augusta is responsible for the policies, practices, and customs of the Augusta Police Department, including the hiring, training, supervision, control, and discipline of its law enforcement officers.

12.  Defendant City of Augusta is and was the employer of Defendant Sgt. Nutter named herein as an individual defendant.

13.  On or about October 18, 2025, certain individuals were engaged in a protest, styled

the "No Kings" protest, at the Memorial Bridge in Augusta, Maine.

14. The "No Kings" protest was a series of political demonstrations against, *inter alia*, the policies of President Donald Trump.

15. Plaintiff is a supporter of President Trump.

16. Plaintiff attended the October 18, 2025, "No Kings" protest wearing a stylized American Flag outfit, in opposition to the protest.

17. For his own protection, Plaintiff brought with him a "Byrna," which looks like a pistol, but it is not a firearm.

18. A Byrna uses carbon dioxide to release a nonlethal projectile, *i.e.* a hard plastic ball or a chemical irritant.

19. At approximately 1:30 p.m., Augusta Police officers approached and searched Plaintiff out of an erroneous belief that Plaintiff had a firearm.

20. After the police seized the Byrna, Plaintiff was detained by Sgt. Nutter for alleged terrorizing.

21. Terrorizing is an offense against the person, per 17-A M.R.S.A. § 210; it prohibits communicating a threat to commit or cause a crime of violence dangerous to human life.

22. Terrorizing is not identified as a crime for which a warrantless arrest may be made per 17-A M.R.S.A. § 15

23. At no time did Sgt. Nutter or any member of the Augusta Police Department have a warrant for Plaintiff's arrest.

24. At no time did Plaintiff communicate a threat to commit or cause a crime of violence dangerous to human life.

25. Specifically, the Augusta Police Officer, David R. Adams, reported in his narrative

that Augusta Police Officer Rogers explicitly advised Officer Adams that "she had no information that he made any threats to anyone[.]"

26. At no time did Sgt. Nutter or any member of the Augusta Police Department have probable cause to believe that Plaintiff engaged in terrorizing.

27. Rather, Plaintiff was arrested because, as Sgt. Nutter said, Sgt. Nutter wanted to "get him [Plaintiff] off the bridge before this crowd turns on him."

28. That is, Plaintiff was arrested because his viewpoint was not that of the No Kings protestors.

29. Neither Sgt. Nutter nor anyone else at the Augusta Police Department obtained a warrant for Plaintiff's arrest.

30. Thus, Plaintiff was detained without a warrant longer than necessary to procure one, within the meaning of 15 M.R.S.A. § 704.

31. At no time was Plaintiff charged with any crime.

32. As a proximate result of the arrest, Plaintiff was deprived of the ability to engage in speech at the No Kings protest, and he suffered emotional distress and embarrassment from the arrest.

### CLAIMS FOR RELIEF

#### <u>Count I</u>
#### Violation of the First Amendment to the United States Constitution
#### (42 U.S.C. 1983 – First Amendment)

33. Plaintiff repeats and realleges each and every allegation in paragraphs 1-32 as if set forth fully herein.

34. Sgt. Nutter's conduct, as an agent of the City of Augusta, of arresting Plaintiff on account of his October 18, 2025, constitutionally protected activity of wearing an American Flag outfit and

supporting President Trump is unconstitutional and violated his First Amendment right to freedom of speech and expression.

35. It is clearly established that there is a First Amendment right to wear expressive clothing.

36. It is clearly established that there is a First Amendment right to engage in political speech.

37. Defendants' restriction on Plaintiff's speech is content- and viewpoint-based and is in violation of the Free Speech Clause of the First Amendment.

38. Such violations were under color of state law.

39. At all times relevant hereto, the First Amendment is made applicable to the states through the Fourteenth Amendment.

40. Plaintiff may, therefore, recover against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of his rights.

41. Even a momentary deprivation of First Amendment rights is an irreparable injury.

42. The violations of Plaintiff's First Amendment rights proximately caused him damage, including mental and emotional injury.

43. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

### *Count II*
### Violation of the Fourth Amendment to the United States Constitution: Unlawful Detention
### (42 U.S.C. 1983 – Fourth Amendment)

44. Plaintiff repeats and realleges each and every allegation in paragraphs 1-43 as if set forth fully herein.

45. At all times relevant to this Complaint, Plaintiff had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure and arrest of her person by law enforcement officers such as Defendant Nutter.

46. At all times, Plaintiff had a liberty interest in wearing expressive clothing and engaging in political speech.

47. Defendant Nutter unlawfully and unreasonably detained Plaintiff on October 18, 2025, because of his political speech and expressive clothing.

48. Such seizure was warrantless and without probable cause in violation of the Fourth Amendment.

49. At all times relevant hereto, the Fourth Amendment is made applicable to the states through the Fourteenth Amendment.

50. There were no governmental interests to warrant such intrusion on Plaintiff's interests.

51. Due to Defendants' unlawful conduct, Plaintiff is entitled to all allowable damages under law.

52. Such seizures were under color of state law.

53. Plaintiff may, therefore, recover against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of his rights.

54. Violating Plaintiff's Fourth Amendment rights proximately caused him damage.

55. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

## Count III
### Violation of Article I, Sections 4 and 5 of the Maine Constitution and the First and Fourth Amendments
### (5 M.R.S. § 4682 Free Speech and Right to Petition)

56. Plaintiff repeats and realleges each and every allegation in paragraphs 1-55 as if set forth fully herein.

57. Defendants' arrest of Plaintiff's speech is unconstitutional and violates his right to freedom of speech under the First Amendment and the Maine Constitution, Art. I, § 4.

58. Defendants' arrest of Plaintiff's speech is unconstitutional and violates his right to freedom from unreasonable search and seizure under the Fourth Amendment and the Maine Constitution, Art. I, § 5.

59. It is clearly established that there is a right to wear expressive clothing and engage in political speech.

60. Plaintiff may recover his damages and obtain declaratory and injunctive relief against Defendants, including the natural person defendants individually and in their official capacities, for interfering with his rights per 5 M.R.S.A. § 4682 and 15 M.R.S.A. § 704 .

61. Plaintiff has suffered pecuniary and nonpecuniary damages as a result of Defendants' unconstitutional actions and is entitled to damages as a result of its actions, including, but not limited to, lost income, emotional distress and incurring legal fees.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff Nicholas Blanchard asks this Court to issue and or award:

a) A declaration that Defendants' actions constituted a violation of Plaintiff's First Amendment rights.

b) A declaration that Defendants' actions constituted an unlawful seizure and arrest against Plaintiff.

c) Actual Damages in an amount to be determined at trial;

d) Nominal Damages;

e) Attorneys' fees and expenses under 42 U.S.C. § 1988 and 5 M.R.S. § 4683;

f) Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all causes of action and on each defense asserted or hereafter asserted by the defendants.

Dated: January 8, 2026.                     Respectfully Submitted,

/s/ Stephen C. Smith                        Marc J. Randazza (*pro hac vice forthcoming*)
Stephen C. Smith, Bar No. 8270                *Lead Counsel*
Steve Smith Trial Lawyers                    Jay M. Wolman (*pro hac vice forthcoming*)
191 Water Street                             RANDAZZA LEGAL GROUP, PLLC
Augusta, ME 04330                            30 Western Avenue
info@americantrialgroup.com                  Gloucester, MA 01930
Tel: (207) 622-3711                          Tel: (888) 887-1776
Fax: (207) 707-1036                          Email: ecf@randazza.com

Attorneys for Plaintiff,
Nicholas Blanchard