**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| NICHOLAS BLANCHARD,           ) | |
|          ) | |
| Plaintiff,          ) | |
|          ) | |
| v.          ) | Civil Action No. 1:26-cv-00008-SDN |
|          ) | |
| SGT. DESMOND NUTTER, in his official   ) | |
| and individual capacities, and the CITY OF  ) | |
| AUGUSTA, MAINE,       ) | |
|          ) | |
| Defendants.        ) | |

**DEFENDANT SGT. DESMOND NUTTER'S ANSWER TO COMPLAINT WITH**
**AFFIRMATIVE DEFENSES**

Defendant Sgt. Desmond Nutter, by and through his undersigned counsel, answers

Plaintiff's Complaint as follows:

**THE PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits that the City of Augusta is a municipality in Maine; the remainder of the allegations in paragraph 3 of the Complaint call for a legal conclusion to which an answer is not required.

**JURISDICTION AND VENUE**

4. The allegations in paragraph 4 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant admits that this Court has subject matter jurisdiction but otherwise denies the allegations.

5. The allegations in paragraph 5 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant admits that this Court has personal jurisdiction but otherwise denies the allegations.

6. The allegations in paragraph 6 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant admits that this Court has subject matter jurisdiction but otherwise denies the allegations.

## FACTUAL BACKGROUND

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint, but to the extent the allegations imply that the City of Augusta is the sole entity responsible for the policies, training, and discipline of its law enforcement officers, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.

12. Defendant admits that he was employed by the City of Augusta but otherwise denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

2

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant admits that Plaintiff attended the October 18, 2025 protest and was wearing an American Flag outfit but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant admits that at approximately 1:30 pm, Augusta Police officers approached Plaintiff but otherwise denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff was detained after the police seized the Byrna but otherwise denies the allegations contained in paragraph 20 of the Complaint.

21. The allegations in paragraph 21 call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant admits that terrorizing is an offense against the person per 17-A M.R.S.A. § 210 and includes, in part, the language alleged, but denies that the allegation in paragraph 21 accurately sets forth the definition of terrorizing under Maine law.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in paragraph 23 of the Complaint but notes that a warrant was not required.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits that Officer Adams reported in his narrative what Officer Rogers advised but denies that the quote accurately captures the entirety of that portion of the report and therefore otherwise denies the allegations contained in 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant admits that he made the statement attributed to him in this quote but otherwise denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in paragraph 29 of the Complaint but notes that a warrant was not required.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

## CLAIMS FOR RELIEF

### *Count I*

**Violation of the First Amendment to the United States Constitution**
**(42 U.S.C. 1983 – First Amendment)**

33. Defendant repeats and realleges his responses set forth in the above paragraphs herein.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant

admits that there is a First Amendment right to wear expressive clothing but otherwise denies the allegations contained in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant admits that there is a First Amendment right to engage in political speech but otherwise denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant admits the allegations.

40. The allegations contained in paragraph 40 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The allegations contained in paragraph 41 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

### *Count II*

**Violation of the Fourth Amendment to the United States Constitution: Unlawful Detention**

**(42 U.S.C. 1983 – Fourth Amendment)**

44. Defendant repeats and realleges his responses set forth in the above paragraphs herein.

45. The allegations contained in paragraph 45 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations.

46. The allegations contained in paragraph 46 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.  Defendant admits that there was no warrant but otherwise denies the allegations contained in paragraph 48 of the Complaint.

49.  The allegations contained in paragraph 49 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant admits the allegations.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.  Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.  The allegations contained in paragraph 52 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.  Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.  Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.  Defendant denies the allegations contained in paragraph 55 of the Complaint.

<u>*COUNT III*</u>

**Violation of Article I, Sections 4 and 5 of the Maine Constitution**

**and the First and Fourth Amendments**

**(5 M.R.S.  § 4682 Free Speech and Right to Petition)**

56. Defendant repeats and realleges his responses set forth in the above paragraphs herein.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

WHEREFORE, Defendant respectfully requests that the Court grant judgment in his favor and against Plaintiff, and further requests that the Court award him his costs, expenses, attorney's fees, and for such other relief the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. Defendant affirmatively defends by stating that the Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

3. Plaintiff's claims are otherwise barred by absolute, conditional, or qualified privilege and/or immunity.

4. If any of Defendant's acts are found to have been unlawful and/or unconstitutional, Defendant had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times was acting in good faith.

5.      All actions taken by Defendant were based upon probable cause, reasonable articulable suspicion, or were otherwise justified and/or reasonable under the circumstances.

6.      No clearly established rights of Plaintiff were violated by Defendant's alleged actions or inaction.

7.      Plaintiff's injuries or harm, if any, were not caused by municipal policy, protocol, practice, procedure, or custom.

8.      Plaintiff's damages are barred in whole or in part for failing to mitigate his damages.

9.      Plaintiff's Complaint is barred by the doctrines of assumption of the risk, unclean hands, and estoppel.

10.     None of Defendant's action or inaction caused or led to Plaintiff's alleged damages.

11.     Plaintiff's recoverable damages, if any, are capped or limited by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq., or any other applicable federal or state statutory limitations on damages.

12.     To the extent the Complaint is construed as alleging tort claims, Plaintiff's tort law claims are barred for failing to comply with the notice requirements of the Maine Tort Claims Act, 14 M.S.R.A. § 8107 or other applicable provisions of the Maine Tort Claims Act.

13.     Defendant incorporates by reference the affirmative defenses asserted by co-defendant.

14.     Defendant reserves the right to assert any other affirmative defenses which discovery hereafter may reveal.

Dated at Portland, Maine this 24th day of March, 2026.

/s/ Benjamin J. Wahrer
Benjamin J. Wahrer, Esq.
*Attorney for Sgt. Desmond Nutter*
**NORMAN, HANSON & DETROY, LLC**
PO Box 4600
Portland, ME 04112-4600
207-774-7000
bwahrer@nhdlaw.com

## CERTIFICATE OF SERVICE

I, Benjamin J. Wahrer, hereby certify that on March 24, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

/s/ Benjamin J. Wahrer
Benjamin J. Wahrer, Esq.