UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

NICHOLAS BLANCHARD,                          )
                                             )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )        Civil Action No. 1:26-cv-00008-SDN
                                             )
SGT. DESMOND NUTTER, in his official         )
and individual capacities, and the CITY OF   )
AUGUSTA, MAINE                               )
                                             )
            Defendants                       )

**DEFENDANT CITY OF AUGUSTA'S ANSWER TO COMPLAINT, DEFENSES,
AND DEMAND FOR JURY TRIAL**

Defendant City of Augusta (the "City") responds to Plaintiff's Complaint (ECF No. 1) as

follows:

**THE PARTIES**

1.      The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.      The City admits the allegations contained in paragraph 2 of the Complaint.

3.      The City admits that it is a municipality in Maine; the remainder of the

allegations in paragraph 3 of the Complaint call for a legal conclusion to which an answer is not

required.  To the extent an answer is deemed necessary, the City denies the allegations.

**JURISDICTION AND VENUE**

4.      The allegations in paragraph 4 of the Complaint call for a legal conclusion to

which an answer is not required. To the extent an answer is deemed necessary, the City admits

that this Court has subject matter jurisdiction but otherwise denies the allegations.

5.      The allegations in paragraph 5 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City admits that this Court has personal jurisdiction over the City but otherwise denies the allegations.

6.      The allegations in paragraph 6 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City admits that venue is proper but otherwise denies the remaining allegations.

## FACTUAL BACKGROUND

7.      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8.      The allegations in paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City denies the allegations.

9.      The City denies that the Augusta Police Department is an "organ" of the City.

10.      The City admits the allegations contained in paragraph 10 of the Complaint.

11.      The City admits the allegations contained in paragraph 11 of the Complaint, but to the extent the allegations imply that the City is the sole entity responsible for the policies, training, and discipline of its law enforcement officers, the City denies that implication.

12.      The City admits that it was the employer of Defendant Sgt. Nutter, but otherwise denies the allegations contained in paragraph 12 of the Complaint.

13.      The City admits the allegations contained in paragraph 13 of the Complaint.

14.      The City admits that the general premise of the "No Kings" protest was demonstration against, *inter alia,* the policies of President Donald Trump, but otherwise denies the allegations contained in paragraph 14 of the Complaint and further denies the allegation to

the extent this paragraph implies that the "No Kings" protestors were the only protesters on October 18, 2025 in Augusta.

15.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16.     The City admits that Plaintiff attended the October 18, 2025 protest and was wearing an American Flag outfit but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19.     The City admits that at approximately 1:30 pm, Augusta Police officers approached Plaintiff but otherwise denies the allegations contained in paragraph 19 of the Complaint.

20.     The City admits the allegations in paragraph 20 of the Complaint.

21.     The allegations in paragraph 21 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City admits that terrorizing is an offense against the person per 17-A M.R.S.A. § 210 and includes, in part, the language alleged,

3

but denies that the allegation in paragraph 21 accurately sets forth the definition of terrorizing under Maine law.

22.     The City denies the allegations contained in paragraph 22 of the Complaint.

23.     The City admits the allegations contained in paragraph 23 of the Complaint.

24.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25.     The City admits that Officer Adams reported in his narrative what Officer Rogers advised but denies that the quote accurately captures the entirety of that portion of the report and therefore otherwise denies the allegations contained in 35 of the Complaint.

26.     The City denies the allegations contained in paragraph 26 of the Complaint.

27.     The City admits that Sgt. Nutter made the quoted statement but otherwise denies the allegations contained in paragraph 27 of the Complaint.

28.     The City denies the allegations contained in paragraph 28 of the Complaint.

29.      The City admits the allegations contained in paragraph 29 of the Complaint but denies the implication that a warrant was required.

30.     The City denies the allegations contained in paragraph 30 of the Complaint.

31.     The City admits the allegations contained in paragraph 31 of the Complaint.

32.     The City denies the allegations contained in paragraph 32 of the Complaint.

**CLAIMS FOR RELIEF**

***Count I***
**Violation of the First Amendment to the United States Constitution**
**(42 U.S.C. 1983 – First Amendment)**

33.    The City repeats and realleges its responses contained in paragraphs 1 through 32 herein.

34.    The City denies the allegations contained in paragraph 34 of the Complaint.

35.    The allegations contained in paragraph 35 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City admits that there is a First Amendment right to wear expressive clothing but otherwise denies the allegations contained in paragraph 35 of the Complaint.

36.    The allegations contained in paragraph 36 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City admits that there is a First Amendment right to engage in political speech but otherwise denies the allegations in paragraph 36 of the Complaint.

37.    The City denies the allegations contained in paragraph 37 of the Complaint.

38.    The City denies the allegations contained in paragraph 38 of the Complaint.

39.    The allegations contained in paragraph 39 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City admits the allegations.

40.    The allegations contained in paragraph 40 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary the City denies the allegations contained in paragraph 40 of the Complaint.

41.    The allegations contained in paragraph 41 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City denies the allegations.

42.    The City denies the allegations contained in paragraph 42 of the Complaint.

43.     The City denies the allegations contained in paragraph 43 of the Complaint.

### *Count II*
**Violation of the Fourth Amendment to the United States Constitution: Unlawful Detention
(42 U.S.C. 1983 – Fourth Amendment)**

44.     The City repeats and realleges its responses contained in paragraphs 1 through 43 herein.

45.     The allegations contained in paragraph 45 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City denies the allegations.

46.     The allegations contained in paragraph 46 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City denies the allegations.

47.     The City denies the allegations contained in paragraph 47 of the Complaint.

48.     The City admits that there was no warrant but otherwise denies the allegations contained in paragraph 48 of the Complaint.

49.     The allegations contained in paragraph 49 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City admits the allegations.

50.     The City denies the allegations contained in paragraph 50 of the Complaint.

51.     The City denies the allegations contained in paragraph 51 of the Complaint.

52.     The allegations contained in paragraph 52 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City denies the allegations contained in paragraph 52 of the Complaint.

53.     The City denies the allegations contained in paragraph 53 of the Complaint.

54.     The City denies the allegations contained in paragraph 54 of the Complaint.

55.     The City denies the allegations contained in paragraph 55 of the Complaint.

### COUNT III
**Violation of Article I, Sections 4 and 5 of the Maine Constitution
and the First and Fourth Amendments
(5 M.R.S.  § 4682 Free Speech and Right to Petition)**

56.     The City repeats and realleges its responses contained in paragraphs 1 through 55 herein.

57.     The City denies the allegations contained in paragraph 57 of the Complaint.

58.     The City denies the allegations contained in paragraph 58 of the Complaint.

59.     The allegations contained in paragraph 59 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, the City denies the allegations.

60.     The City denies the allegations contained in paragraph 60 of the Complaint.

61.     The City denies the allegations contained in paragraph 61 of the Complaint.

The City denies that Plaintiff is entitled to any of the relief in his requests for relief.

### JURY DEMAND

The City hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

### DEFENSES/AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted against the City.

2.     No clearly established rights of Plaintiff were violated by Defendants' alleged actions or inaction.

3.     Plaintiff's injuries or harm, if any, were not caused by the City's policy, protocol, practice, procedure, or custom.

7

4.    Plaintiff's injuries or harm, if any, were not caused by the City's actions with respect to hiring, training, supervision, or discipline, or the alleged lack thereof.

5.    Plaintiff's damages are barred in whole or in part for failing to mitigate his damages.

6.    Plaintiff's Complaint is barred by the doctrines of assumption of the risk, unclean hands, and estoppel.

7.    Plaintiff's Complaint is barred by qualified immunity.

8.    All actions or inaction taken by Defendants were based upon probable cause, reasonable articulable suspicion, community caretaking, protective custody, and/or were otherwise reasonable under the particular circumstances.

9.    None of the City's alleged action or inaction caused or led to Plaintiff's alleged damages.

10.    If any of Defendant Nutter's alleged acts or inaction are found to have been unlawful and/or unconstitutional, the City had no notice or knowledge of such illegality or the likelihood of same.

11.    The City did not act with deliberate indifference.

12.    Plaintiff's recoverable damages, if any, are capped or limited by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq., or any other applicable federal or state statutory limitations on damages.

13.    To the extent the Complaint is construed as alleging tort claims, Plaintiff's tort law claims are barred for failing to comply with the notice requirements of the Maine Tort Claims Act, 14 M.S.R.A. § 8107 or other applicable provisions of the Maine Tort Claims Act and the City has retained its immunity under same.

14.     Defendant reserves the right to assert any other defenses or affirmative defenses which may come to light during the course of discovery.

Dated at Portland, Maine this 24th day of March 2026.

/s/ Kasia S. Park
Kasia S. Park
Susan M. Weidner
*Attorneys for Defendant City of Augusta*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
kpark@dwmlaw.com
sweidner@dwmlaw.com

9